JUSTICE NELSON,
concurring.
¶29 I join the Court’s Opinion. With respect to Anderson’s arguments under the MMA, however, I also note my special concurrence in Med. Marijuana Growers Assn. v. Corrigan, 2012 MT 146, 365 Mont. 346, 281 P.3d 210. Because state medical marijuana laws seek to legalize conduct that is violative of federal law, see 21 U.S.C. §801 et seq., and because the Supremacy Clause of the United States Constitution renders contrary state laws such as Montana’s various medical marijuana acts unenforceable, see U.S. Const, art. VT, cl. 2,[1] the courts of Montana should not be required to devote any more time trying to interpret and finesse these state laws. Med. Marijuana Growers Assn., ¶¶ 34-37, 39 (Nelson, J., concurring).
¶30 With these observations, I concur in the Court’s decision.

 See also Gonzales v. Raich, 545 U.S. 1, 29, 125 S. Ct. 2195, 2212 (2005) (‘IL]imiting the activity to marijuana possession and cultivation ‘in accordance with state law’ cannot serve to place respondents’ activities beyond congressional reach. The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.”); Arizona v. United States,_U.S._, 132 S. Ct. 2492, 2500-01 (2012) (“From the existence of two sovereigns follows the possibility that laws can be in conflict or at cross-purposes.... [Under the Supremacy Clause, state law must give way to federal law under certain circumstances, including] cases where compliance with both federal and state regulations is a physical impossibility.’’(internal quotation marks omitted)).